Toxtega-Olin v. Garland

BIA
Hochul, IJ
A216 279 912

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> EUNICE C. LEE,
> *Circuit Judges.*

---

VALENTIN TOXTEGA-OLIN,
> *Petitioner*,

v.                                                            **22-6537**

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

---

FOR PETITIONER:                    Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

FOR RESPONDENT:                    Brian   Boynton,   Principal   Deputy   Assistant
                                   Attorney   General;   Nancy   Friedman,   Senior
                                   Litigation Counsel; Gregory A. Pennington, Jr.,
                                   Trial Attorney, Office of Immigration Litigation,
                                   United States Department of Justice, Washington,
                                   DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Valentin Toxtega-Olin, a native and citizen of Mexico, seeks review of

an October 24, 2022 decision of the BIA affirming a June 26, 2019 decision of an

Immigration Judge ("IJ") denying a continuance and finding his application for

cancellation of removal abandoned.   *In re Valentin Toxtega-Olin*, No. A216 279 912 (B.I.A.

Oct. 24, 2022), *aff'g* No. A216 279 912 (Immigr. Ct. Buffalo June 26, 2019).   For the

purposes of our review of this petition, we have considered both the IJ's and the BIA's

decisions "for the sake of completeness."   *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d

524, 528 (2d Cir. 2006).   We assume the parties' familiarity with the underlying facts and

procedural history.

Following two continuances for attorney preparation, Toxtega-Olin applied for

cancellation of removal under 8 U.S.C. § 1229b(b) and identified his qualifying relative as

his U.S. citizen wife.   At the merits hearing, he sought a third continuance to attempt to

reconcile with his wife so that he would be able to continue with his application for

2

cancellation of removal. The record indicates that Toxtega-Olin's wife did not appear in court because of a medical appointment. Toxtega-Olin did not provide other testimony or documentary evidence supporting his request for a continuance or his cancellation application. The IJ found no good cause for a continuance and deemed the application for cancellation of removal abandoned, and the BIA dismissed the appeal.

## I.      Jurisdiction

As an initial matter, the Government argues that we lack jurisdiction to review the agency's denial of a continuance and determination that Toxtega-Olin abandoned his application for cancellation. We disagree.

Toxtega-Olin sought cancellation of removal under 8 U.S.C. § 1229b. Section 1252(a)(2)(B)(i) of Title 8 provides that no court shall have jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." Section 1252(a)(2)(B)(ii) adds that this jurisdictional restriction also applies to "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security," except for a discretionary ruling on asylum. We have held that, while § 1252(a)(2)(B)(ii) precludes judicial review of certain discretionary agency decisions, "the decision by an IJ or the BIA to grant or to deny a continuance in an immigration proceeding is *not* [such] a decision." *Sanusi v. Gonzales*, 445 F.3d 193, 198

3

(2d Cir. 2006) (per curiam). Thus, we have held that the denial of a motion for a continuance is reviewable for abuse of discretion. *Id.*

The Government asserts that the Supreme Court's holding in *Patel v. Garland* that § 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief," includes the denial of a request for a continuance where the relief sought is cancellation. 596 U.S. 328, 338 (2022). In *Patel*, however, the Supreme Court discussed the judgments the agency makes in determining an applicant's eligibility for discretionary relief and whether such relief should be granted as a matter of discretion, and did not directly address decisions made prior to adjudicating an application for discretionary relief. *See id.* at 333–35, 338–45. *Patel* has thus not abrogated our decision in *Sanusi*, which remains binding precedent in this Circuit.

Toxtega-Olin requested a continuance to attempt to reconcile with his wife so that he could possibly continue to apply for cancellation of removal with her as his qualifying relative under the required standard. The IJ found no good cause for a continuance based on his wife's failure to appear at the hearing, the speculative nature of reconciliation, and Toxtega-Olin's failure to present alternate evidence to support his application. Thus, the IJ denied a continuance because Toxtega-Olin did not show good cause—not because he was ineligible for cancellation. The IJ's conclusion relied on the regulation allowing a continuance for good cause (8 C.F.R. § 1003.29); the IJ did not find

4

that Toxtega-Olin's wife was not a qualifying relative, nor did the IJ make any express hardship findings, i.e., the IJ did not determine the merits of Toxtega-Olin's eligibility for cancellation or that cancellation was not available as a matter of discretion. *See* 8 U.S.C. § 1229b(b) (listing requirements for cancellation of removal for nonpermanent residents).

In sum, the IJ denied relief on procedural grounds—Toxtega-Olin did not show good cause for granting a continuance, and failed to submit any evidence to support his application for cancellation, thereby abandoning it. Accordingly, we find no jurisdictional bar to our review of the agency's decisions to deny a continuance and deem the application for cancellation abandoned.

## II.    Denial of Continuance and Determination of Abandonment

We review the denial of a continuance for abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and we accord IJs "wide latitude in calendar management," *Morgan*, 445 F.3d at 551. "An IJ . . . abuse[s] [her] discretion in denying a continuance if (1) [her] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [her] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 551–52 (internal quotation marks omitted). To successfully challenge the denial of a continuance to obtain evidence

or apply for relief, a petitioner "at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed" and "that [the IJ's] denial caused him actual prejudice and harm and materially affected the outcome of his case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356–57 (B.I.A. 1983). Similarly, to prevail on a due process claim, a petitioner must show that he was deprived of a "full and fair opportunity" to present his case, *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007), and resulting prejudice, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). There was no abuse of discretion or due process violation here.

First, Toxtega-Olin argues that the IJ should have considered the factors laid out in *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009). However, the IJ noted these factors in its decision. Moreover, the *Hashmi* factors apply to a request that an IJ continue proceedings because there is a petition for relief, specifically a visa petition, pending before another agency. *See id.* at 790–91. In contrast, Toxtega-Olin requested a continuance to provide evidence to support his application for cancellation of removal.

Second, the agency did not abuse its discretion or deprive Toxtega-Olin of an opportunity to present his case. He had two prior continuances, and before granting the second continuance, the IJ explained that "the Court is under great requirements not to continue cases indefinitely." Certified Admin. Rec. at 64.

6

Toxtega-Olin's third request was based on an assertion by his counsel that Toxtega-Olin and his wife were attempting to reconcile. However, "arguments of counsel are not evidence." *Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013). And Toxtega-Olin provided no other evidence or documentation to support his assertions that he and his wife would reconcile, that she would suffer hardship if he were removed, or that he met the other requirements for cancellation. *See* 8 U.S.C. § 1229b(b). His argument that he needed to reconcile with his wife to present evidence of her medical condition was not sufficient alone to warrant a continuance, and he did not explain his failure to produce evidence in support of the other requirements. *See Matter of Sibrun*, 18 I. & N. Dec. at 356–57 (requiring showing of good faith effort to be prepared to proceed). Given the lack of evidence, the agency did not abuse its discretion in determining that it was speculative that Toxtega-Olin would reconcile with his wife or present evidence to support his application. *See Sanusi*, 445 F.3d at 200 (finding applicant failed to show abuse of discretion where the "IJ granted two continuances, and nothing in the record suggests that his decision to deny a third request after months of delay was an abuse of discretion, notwithstanding [the applicant's] contention that further evidence would be forthcoming").

Nor did the denial of a continuance deprive Toxtega-Olin of due process. He was informed in January 2019 that the June 2019 hearing would be a merits hearing. He had

7

an opportunity to present his claim for relief: he had counsel and was given the opportunity to submit evidence and present witnesses at that hearing.  And as an applicant for cancellation of removal, he bore the burden of establishing his eligibility for that relief.  *See* 8 U.S.C. § 1229a(c)(4)(A).  An applicant for relief "bears the ultimate burden of introducing [] evidence without prompting from the IJ."  *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (quoting *Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009)).

Finally, the agency also determined that Toxtega-Olin abandoned his cancellation application by failing to provide supporting documentation or testimony.  In his brief, Toxtega-Olin argues only that the IJ's decision to pretermit his application denied him due process.  But, as described above, he had the burden of establishing his eligibility. *See* 8 U.S.C. § 1229a(c)(4)(A).  Toxtega-Olin does not otherwise challenge the agency's determination that he failed to support the application.  He has thus abandoned any such argument.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

8